## No. 39,872

In the Matter of the Estate of Thomas M. Bennett, Deceased. LYDIA KAUFMAN, *Appellee*, v. K. H. PETERS, Administrator of the Estate of Thomas M. Bennett, Deceased, *Appellant*.

(290 P. 2d 837)

Opinion filed December 10, 1955.

*Vincent G. Fleming,* of Larned, argued the cause and *John A. Etling,* of Kinsley, was with him on the briefs for the appellant.

*Morgan Wright,* of Larned, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was commenced by a petition for allowance of a claim in probate court. The probate court allowed the claim in part. The administrator appealed to the district court where the claim was again allowed—hence this appeal. Two causes of action were filed. The first one alleged that when petitioner was fifty-five years old she met decedent and a warm friendship developed; that in 1951 decedent asked petitioner to live with him in his house and stated she would be well paid for her services; that petitioner knew decedent was without the comfort of a wife, and without domestic help; that on March 1, 1951, petitioner in reliance on decedent's promise relinquished her employment in Great Bend and depending on decedent's promise that she was to be compensated by provisions more sustaining and generous than the earnings of a domestic, housekeeper, nurse, paid companion or other employee moved into decedent's home, not on the basis of weekly or monthly salary; that from March 1, 1951, to December 27, 1953, petitioner, pursuant to the agreement, performed services by preparing meals, doing all the housework, laundry, managed decedent's household business, nursed decedent in several instances of sickness, drove his automobile, drove the truck, hauled feed, hauled wheat to the elevators and performed other farm chores; that the farmhouse was without any modern conveniences until the spring of 1952; that decedent was injured in an automobile wreck and petitioner stayed with him in the hospital for three days and nights and later cared for him in his home while he was bedfast for about three months; that on December 7, 1953, decedent was stricken with a nose hemorrhage and petitioner spent the entire night without sleep; that he spent eight days in the hospital and on his return home petitioner stayed by his bed day and night until his death on December 27, 1953. The petitioner then set out in detail

the respects in which her services were not measurable in terms of money; that decedent at his home told her he would leave her a described house and lot owned by him in Great Bend; and that on another occasion decedent told her he would transfer to her a section of land in Colorado. The petition then alleged three payments to her by decedent in the aggregate amount of $2,927.20 in part payment of her claim; that petitioner sought by her claim specific performance of decedent's promise to vest in her the title to the Great Bend property and to provide petitioner provision for lifetime security, which would amount to $30,000.

For a second cause of action petitioner made the allegations of the first a part and alleged that should the court find it could not decree specific performance of the contract pleaded then petitioner sought to recover $30,000 for petitioner's services, which was their reasonable value.

The prayer was for specific performance or a judgment for $30,000.

The answer of the administrator first admitted the probate court had jurisdiction. The second paragraph of the answer was as follows:

"That he admits that petitioner had domestic employment in the household of said decedent, the exact duration of which said domestic employment is unknown to this answering respondent and administrator, and admits that said petitioner received some payment on account of such domestic services, the exact amount of such payment being unknown to this answering respondent and administrator at this time."

The answer then alleged a general denial.

The probate court denied the prayer of the first cause of action as to specific performance of contract to convey real estate and allowed the prayer of the second in the amount of $10,000.

On the morning the appeal was to be heard in district court the administrator asked permission to file an amended answer in part as follows:

"(2) That he denies that petitioner was an employee of said decedent during the period alleged in her petition, and alleges that petitioner was living with said decedent illicitly and meretriciously as husband and wife, without contract of employment.

"(3) That he denies each and every, all and singular, of the allegations, statements and averments in said petition contained, save and except such as are hereinbefore admitted."

Paragraph 2 of the above denied that petitioner had been an employee of decedent while the answer on which the action was tried in the probate court had expressly admitted that petitioner

had domestic employment in the household of decedent. Counsel for petitioner moved that this answer be stricken because it raised an entirely new defense at a late date. The motion was sustained because as the trial court stated it was a complete change of defense and the application for permission to file it was not made until set for trial. Counsel for the administrator then moved to strike from the answer then on file all of paragraph 2, which has been heretofore set out in this opinion. That motion was sustained. This left a general denial on file on which the appeal was tried.

The trial court overruled the administrator's demurrer to petitioner's evidence, denied petitioner's right to recover on the first cause of action and allowed her to recover $15,965 on the second cause of action less the payment of $3,127.20, which she had been paid, or $12,837.80.

The administrator's motion for a new trial was on the grounds of abuse of discretion, erroneous rulings, decision contrary to evidence and newly discovered evidence. It was overruled.

The specifications of error are that the trial court erred in striking the administrator's amended answer, making findings of fact contrary to evidence, the judgment was not supported by any competent evidence, in overruling his motion for a new trial, and rendering judgment for petitioner.

In his brief in this court the administrator states the questions to be:

"(1) Upon appeal to the District Court from a judgment of the Probate Court allowing a claim against a decedent's estate, does the personal representative of the estate have the right to file an amended defense on trial de novo in District Court?

"(2) Is the trial court's judgment supported by substantial, competent evidence?"

Defendant does not state quite correctly in the first question the problem with which we are confronted. There can be no doubt but that parties may file amended pleadings after an appeal is taken to the district court from the probate court. (See G. S. 1949, 59-2408.) Whether this statute authorizes the filing of an answer such as this raising an entirely different defense than was raised in probate court and just as the trial on appeal is about to start is to say the least, debatable. We are not called upon to decide that question here, however.

While the matter of whether to permit the filing of the amended answer was being argued counsel for the administrator stated to the

trial court and counsel that the matter pleaded in the amended answer about the relationship of the parties could just as well be proved under the general denial then on file. The trial court thereupon refused permission to file the amended answer. Before the case proceeded to trial the administrator asked and was given permission to strike from the answer already on file the admission that the petitioner had been in the employ of decedent. The result of all this was that if it was error for the trial court to refuse the administrator permission to file the amended petition, it was error induced by counsel, and the party thus inducing the commission of an error may not take advantage of it on appeal. Another equally potent reason why this point is not good is the administrator offered no evidence whatever tending to prove the allegations of the amended answer as to the relationship of the parties. Under such circumstances, he was not prejudiced.

The administrator argues there was no substantial evidence to sustain part of the judgment. There was evidence the petitioner did the ordinary housework to be found on a farm and in addition did chores, mended fences, hauled grain, drove cattle and performed many other services beyond those ordinarily performed by domestic help. There also is evidence of services performed of a confidential nature during a considerable portion of the time. While decedent was bedfast at home and in the hospital she was on twenty-four-hour duty rendering services usually rendered by a trained nurse. With such a record, it may not be said the judgment was not supported by substantial, competent evidence. (See 58 Am. Jur. 560, Sec. 62.) (See, also, 71 C. J. 147, Sec. 121.)

The judgment of the trial court is affirmed.

THIELE, J. (dissenting): I cannot agree to an affirmance of the judgment for I believe the amount allowed the appellee is excessive.

PRICE, J., joins in the foregoing dissent.